ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CRISTINA BEATRIZ BLANCO CUADRA Y DR. ROLANDO BLANCO CUADRA<br><br>Recurrentes<br><br>v.<br><br>ROSA CUADRA MARTÍNEZ, DANIEL LUIS BLANCO CUADRA, TÍA MARÍA, INC., BODEGA TÍA MARÍA, INC.<br><br>Recurridos | TA2025CE00368 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10408<br><br>Sobre: Acción en Protección de la Comunidad Hereditaria, Solicitud de Orden y Coadministración |

Panel integrado por su presidenta, la Juez Álvarez Esnard, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

Compareció el Sr. Rolando Blanco Cuadra (en adelante, "señor Rolando" o "peticionario") mediante el recurso de apelación de epígrafe presentado el 28 de agosto de 2025. Nos solicita la revisión de *Resolución Interlocutoria* emitida el 15 de abril de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro de Instancia"). En la aludida resolución, el foro de Instancia denegó una solicitud de representación legal presentada por el señor Rolando al amparo de la regla 63 de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del recurso de *Certiorari*.

---

[1] Mediante Orden Administrativa OATA-2025-070 emitida el 9 de mayo de 2025, se designó a la Hon. Alicia Álvarez Esnard en sustitución del Hon, Abelardo Bermúdez Torres.

**-I-**

El presente caso tuvo su génesis, el 6 de noviembre de 2023, cuando la Sra. Cristina Beatriz Blanco Cuadra y el señor Rolando instaron una *Demanda*[2] contra la Sra. Rosa Cuadra Martínez (en adelante, "señora Rosa"), el Sr. Daniel Luis Blanco Cuadra (en adelante, "el señor Daniel"), las corporaciones Tía María, Inc. y Bodega Tía María, Inc. Allí los demandantes alegaron que eran herederos universales —incluyendo el señor Daniel y la señora Rosa— del caudal del Sr. Rolando Blanco D'arcy (en adelante, "señor Blanco"). Por lo cual, solicitaron al foro de Instancia que le ordenara al señor Daniel permitir el acceso a los reportes de ventas diarias de las corporaciones pertenecientes al caudal hereditario, incluyendo el dinero en efectivo que generan, gastos e ingresos. Por último, solicitaron la coadministración de los negocios.

El 23 de mayo de 2024, el señor Daniel solicitó al Tribunal que tomara conocimiento judicial sobre la demanda de partición —relacionada a la comunidad hereditaria del señor Blanco— presentada ese mismo día en el caso SJ2024CV04630.[3] Consecuentemente, el 20 de noviembre de 2024, el foro de Instancia consolidó el caso de epígrafe con el caso SJ2024CV04630, ya que ambos pleitos tenían cuestiones comunes de hechos.[4]

El 11 de abril de 2025, el señor Rolando presentó *Moción co-asumiendo representación legal e informando ausencia de la jurisdicción* a través de la Lcda. Briseida Y. Delgado Miranda (en adelante, "licenciada Delgado Miranda").[5]

Así pues, el foro de Instancia emitió *Resolución Interlocutoria* el 15 de abril de 2025, notificada al día siguiente, en la cual denegó la solicitud de asumir la representación legal del señor Rolando

---

[2] SUMAC-TPI, entrada núm. 1.
[3] SUMAC-TPI, entrada núm. 73.
[4] SUMAC-TPI, entrada núm. 152.
[5] SUMAC-TPI, entrada núm. 179.

instada por la licenciada Delgado Miranda.[6] A saber, el razonamiento del foro de Instancia fue el siguiente:

> Si bien la Lcda. Delgado Miranda no es, ni ha sido abogada de la que suscribe, sí es representante legal de mi esposo. Esto puede razonablemente arrojar dudas sobre la imparcialidad de quien suscribe para adjudicar y pudiera resultar en producir nuestra recusación. Por lo tanto, al amparo de la regla 63, supra, no puedo permitir a la Lcda. Delgado Miranda como representante legal en este caso.[7]

En desacuerdo, el 1 de mayo de 2025, el señor Rolando instó *Moción de reconsideración*[8] en la cual argumentó que —como parte del debido proceso de ley— tiene derecho a escoger con libertad el abogado que lo represente y tener su día en corte.

De otro lado, la señora Rosa y el señor Daniel instaron su *Oposición a moción de reconsideración.*[9] En esta alegaron que la Regla 63.2(d) de Procedimiento Civil 'no requiere una solicitud previa de recusación del juez o jueza, sino que contempla las circunstancias en que unir a un abogado a la representación legal de una parte "puede requerir su recusación"'.[10]

Ante esto, el 29 de julio de 2025, el foro de Instancia denegó la solicitud de reconsideración.[11]

Aun inconforme, el 28 de agosto de 2025, el señor Rolando acudió ante nos mediante el recurso de epígrafe y señaló la comisión del error siguiente:

> <u>PRIMER ERROR:</u> ERRÓ EL TPI AL EMITIR LAS RESOLUCIONES DEL 15 DE ABRIL DE 2025 Y 28 DE JULIO DE 2025 EFECTUANDO LA DESCALIFICACIÓN DE FACTO DE LA REPRESENTACIÓN LEGAL ANUNCIADA POR EL PETICIONARIO, CONTRARIO AL DERECHO QUE LE ASISTE, COMO A TODO CIUDADANO, DE ESCOGER CON LIBERTAD A SU REPRESENTACIÓN LEGAL, SIN CELEBRACIÓN DE VISTA Y SIN BASE LEGAL O FÁCTICA EN APOYO DE SU DETERMINACIÓN.[12]

---

[6] SUMAC-TPI, entrada núm. 180.
[7] *Id.,* pág. 2.
[8] SUMAC-TPI, entrada núm. 182.
[9] SUMAC-TPI, entrada núm. 185.
[10] *Id.,* pág. 3.
[11] SUMAC-TPI, entrada núm. 190.
[12] SUMAC-TA, entrada núm. 1, pág. 9.

En consecuencia, el 26 de septiembre de 2025, la señora Rosa y el señor Daniel presentaron su alegato en *Oposición a Petición de Certiorari.*[13]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

-II-

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación

---

[13] SUMAC-TA, entrada núm. 3.

constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su

buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**-III-**

En el caso ante nos, el peticionario alega que el foro de Instancia erró al descalificar a la licenciada Delgado Miranda como su representación legal sin celebrar una vista y sin base legal o fáctica para ello. Sin embargo, luego de revisar el expediente no estamos persuadidos de que el foro de Instancia haya incurrido en algún error o abuso de su ejercicio discrecional que obligue nuestra intervención.

El expediente refleja que el foro de Instancia fundamentó su determinación en la *Resolución Interlocutoria* conforme a la Regla 63 de Procedimiento Civil. En esta, la jueza del foro de Instancia explicó que la licenciada Delgado Miranda es actualmente la representante legal de su esposo, lo cual puede arrojar dudas sobre su imparcialidad para adjudicar. Además, se desprende del expediente que el peticionario no se encuentra desprovisto del derecho que le asiste a estar representado, ya que cuenta con la representación

legal del Lcdo. Frank Zorrilla Maldonado. Por tanto, el peticionario tiene la oportunidad de buscar cualquier otra representación legal que goce de conocimiento financiero igual que la licenciada Delgado Miranda, sin verse afectado su derecho a escoger con libertad el abogado que lo represente y tener su día en corte.

Así pues, tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, no encontramos razones para expedir el auto y revisar la determinación recurrida. Tampoco surge que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de Instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del presente recurso de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones